Corson *v.* Ball.

[NEW YORK GENERAL TERM, November 5, 1866. *George G. Barnard, Clerke* and *Ingraham,* Justices.]

———————o ⊙ o———————

CAROLINE CORSON *vs.* ELIAS N. BALL and others.

An attachment can be allowed, issued and served, before the service of the summons is fully completed.

The word "action," as used in section 227 of the Code, relating to attachments, embraces all civil actions, including therein not only such as were formerly actions at law, but also such as were formerly suits in equity.

And there being nothing in the chapter of the Code respecting attachments, limiting the remedy by attachment to certain civil actions, the court can not so limit it by reason of any previously recognized distinction between actions at law and suits in equity.

Where the action arises out of, and is formed on, a contract, the plaintiff seeking to enforce a contract of sale and purchase made for her benefit, and to recover the purchase money agreed to be paid by the defendant, it is "an action for the recovery of money," within the meaning of section 227 of the Code, notwithstanding incidental relief is necessary to be obtained before a money judgment can be rendered.

APPEAL from an order made at a special term, vacating an attachment, in an action wherein the plaintiff sought to enforce a contract of sale and purchase made for her

benefit, and to recover the purchase money contracted to be paid by the defendant, against whom the attachment issued.

*By the Court*, GEO. G. BARNARD, J.   There is no question but that an attachment can be allowed, issued and served, before the service of the summons is fully completed.   The 227th section of the Code expressly says, "the plaintiff, at the time of issuing the summons, or at any time afterwards, may have the property of such defendant attached," &c.   The learned judge who delivered the opinion in *Kerr* v. *Mount*, (28 *N. Y. Rep.* 659,) in his remarks on this subject seems to have overlooked this clause.

The objection that this is a suit in equity, and not an action at law, and that the attachment given by the Code does not apply to such a case as this, seems to me not well founded.   Section 69 of the Code establishes the distinction previously existing between actions at law and suits in equity, and enacts that thereafter there shall be but one form of action, which shall be denominated a civil action.   When, then, the word "action" is used in section 227 of the chapter relating to attachments, it must be deemed to include all civil actions, including therein not only such as were formerly actions at law, but also such as were formerly suits in equity. If, therefore, in the chapter relating to attachments there is nothing limiting the remedy of attachment to certain civil actions, the court can not so limit it by reason of any previously recognized distinction between actions at law and suits in equity.

Upon examining the provisions of the chapter in question, I find two classes of limitations, one as regards the persons against whom the attachment is allowed, and the other respecting the subject matter of the action in which it can be allowed.   It is not questioned but that the defendant is one of the persons against whom the remedy is given, if the subject matter of the action is such as to authorize the issue of the warrant.

The only limitation as to the subject matter is created by section 227, and it is that the action shall be for the recovery of money. It is true section 229 requires the warrant of attachment to be founded on a sufficient setting forth of certain matters, but this section contains no limitation other than those required by section 227.

The only question then is, is this action "an action for the recovery of money?" It is urged that it is not, because the plaintiff, in addition to seeking to recover money, also seeks other relief, and because her money recovery depends on her obtaining that other relief. The fact that some other relief is necessary to be obtained before a money judgment can be rendered does not, in a case like this, where the main object of the action is to recover the purchase money of property sold, while the other relief sought for in the action is merely incidental to that main object, render the action any the less "an action for the recovery of money." It is not necessary to consider the effect of the amendment to section 227, passed in 1866, as that amendment was not in force at the time this attachment was issued. The object of the attachment proceedings is to secure to those who are seeking to recover a money demand, a means of satisfying such money judgment as they may recover against those defendants whose persons are permanently beyond the jurisdiction of the court, or those who seek by absconding or concealment, or fraudulent devices, to remove or keep their persons or their property from the jurisdiction of the court.

It is not contended in this case but that the plaintiff, in her complaint, shows a good cause of action for the recovery of the money which she demands ; nor is it denied that the persons of the defendants are permanently beyond the jurisdiction of the court. It is simply urged that the nature of the action is such that the law does not allow an attachment. I have, however, come to the conclusion that the plaintiff's case comes within not only the letter of the law, but the spirit of the attachment provision. I have been referred to

the case of *Shaffer* v. *Masson*, (29 *How.* 55.) That being a general term decision, we are bound to follow it, but only as to the precise point determined. The only point there determined was that in actions of tort an attachment could not issue. The case now at bar is not an action of tort, but arises out of and is founded on a contract ; the plaintiff seeking to enforce a contract made for her benefit, and to recover the purchase money contracted to be paid by the defendants against whom the attachment issued.

Order vacating attachment reversed, and attachment restored, with $10 costs.

[NEW YORK GENERAL TERM, November 5, 1866. *George G. Barnard, Clerke* and *Ingraham*, Justices.]