Martin *et al. v.* Holland *et al.*

---

No. 7506.

MARTIN ET AL. *v.* HOLLAND ET AL.

PLEADING.—*Exhibits.*—*Defects Cured by Verdict.*—A failure to exhibit copies of a note and mortgage, by a complaint to foreclose, is a defect cured by verdict.

ATTACHMENT.—*Mortgage.*—*Foreclosure.*—An attachment and writ of garnishment may issue in a suit to foreclose a mortgage whenever a personal judgment may be rendered; but whether this would be so where the mortgage security is ample, *quære.*

From the Superior Court of Marion County.

*J. R. Parmelee* and *L. L. Norton,* for appellants.

NIBLACK, J.—The complaint in this case averred, that, on the 16th day of June, 1876, John H. Holland and Calvin F. Martin, under the firm name of J. H. Holland & Co., executed to the plaintiffs, Theodore F. Holland and John W. Holland, their promissory note for $2,610.08, payable six months after date, with ten per cent. interest from date, and five per cent. attorney's fees; that, on the 17th day of June, 1876, the said John H. Holland and Calvin F. Martin, and their co-defendants, Ella Holland, wife of the said John H. Holland, and Elizabeth Martin, executed to the plaintiffs a mortgage on a lot in one of the additions to the city of Indianapolis, to secure the payment of the note, the mortgagors expressly agreeing to pay the debt which the mortgage was given to secure; that the note remained unpaid. Concluding with a demand for judgment and the foreclosure of the mort-

gage. Several weeks after the commencement of the action, the plaintiffs filed an affidavit charging that the defendants Calvin F. Martin and Elizabeth Martin had conveyed away their property subject to execution with intent to cheat, hinder and delay their creditors, and that one William M. Davis was indebted to the defendants in the sum of $700. An attachment bond being also filed, a writ of attachment against the property of the defendants was duly issued, and Davis was summoned to answer as to his alleged indebtedness to the defendants. Davis afterwards answered that he was indebted to the defendant Elizabeth Martin in the sum of $800, but owed nothing to any of the other defendants. The defendants Calvin F. Martin and Elizabeth Martin thereupon moved to quash the writ and subsequent proceedings in attachment, upon the ground that such a writ could not be lawfully issued as auxiliary to an action like this for the foreclosure of a mortgage, which is in its nature an equitable proceeding, and is for something more than the mere recovery of money; but their motion was overruled. Issue being joined, the court at special term made a finding that there was due from the defendants Calvin F. Martin, John H. Holland and Elizabeth Martin, the latter being only surety for the two preceding, the sum of $2,964.58 to the plaintiffs; that the mortgage ought to be foreclosed to pay the sum so found to be due, and that the proceedings in attachment ought to be sustained.

After overruling a motion for a new trial, the court rendered a personal judgment against the three defendants lastly above named for the sum found to be due from them as above stated; also decreed a foreclosure of the mortgage to pay the judgment so rendered, with directions that if the mortgaged lands might not sell for a sum sufficient to pay the judgment, execution should issue against the property of the defendants John H. Holland and Calvin F. Martin for whatever might remain unpaid; also directing that Davis should pay the amount due from him to the defendant Elizabeth Martin into court, and that in the event that the property of the defend-

ants John H. Holland and Calvin F. Martin should prove to be insufficient to pay the remainder of the judgment, then the money so to be paid into court by Davis, or so much thereof as might be necessary, should be applied in payment of the judgment.

The defendants appealed to the general term, and, amongst other things, assigned error upon the sufficiency of the complaint, upon the refusal of the court to quash the writ and subsequent proceedings in attachment, and upon the overruling of the motion for a new trial. The judgment at special term was nevertheless in all things affirmed at general term. The defendants, still further appealing to this court, have assigned error upon the proceedings at general term.

The sufficiency of the complaint was first attacked upon the appeal to the general term. The objection made is that neither the note, nor a copy of it, was filed with the complaint. That objection might have been made available by a demurrer to the complaint; but after a trial and finding by the court it came too late. The defect arising upon the failure to file a note or a copy with the complaint is one which is cured by the finding of the court or the verdict of a jury. *Galvin* v. *Woollen,* 66 Ind. 464.

The refusal of the court to quash the proceedings in attachment presents a question of first impression in this court, and one upon which we have had some difficulty in arriving at a satisfactory conclusion. In the State of Kansas, under a statute similar to ours on the subject of attachment as an auxiliary remedy in civil cases, it has been held that a writ of attachment may be issued in an action to foreclose a mortgage, where the plaintiff is shown to be entitled to a personal judgment as a part of the relief demanded. *Gillespie* v. *Lovell,* 7 Kan. 419; *Shedd* v. *McConnell,* 18 Kan. 594.

In the State of New York, previous to 1866, an attachment was allowed to be issued in " an action for the recovery of money." Under that provision it was held, in what appears to have been a carefully prepared opinion by one of the jus-

tices of the Supreme Court of that State, that in a case for the foreclosure of a mortgage, where a money judgment was also demanded, a writ of attachment might issue upon the principle that the main object of the action was the recovery of money, and the foreclosure of the mortgage was merely incidental to that object. *Corson* v. *Ball,* 47 Barb. 452. In 1866 the law of that State was so amended that the issuing of writs of attachment was limited to actions "for the recovery of money only." Under the law as thus amended, it has been held that a writ of attachment could not be lawfully issued in an action to foreclose a mortgage, as in such a case more than a recovery of money is demanded. *Van Wyck* v. *Bauer,* 9 Abb. Pr. N. S. 142.

Accepting the statutory construction enunciated in the Kansas cases, and in the case of *Corson* v. *Ball, supra,* as applicable to the provisions of our code of 1852, 2 R. S. 1876, p. 98, sec. 156, which authorize an attachment to be issued in certain cases, "Where the action is for the recovery of money," as we have come to the conclusion we are justified in doing, the necessary inference is that the court below did not err in overruling the motion to quash the proceedings in attachment. In this case the attachment proceedings were not another and separate action for the recovery of the mortgage debt, within the meaning of section 636 of the code of 1852, *supra,* but were merely supplemental or auxiliary proceedings for the recovery of that debt. 2 R. S. 1876, *supra,* 263. It was intimated in the Kansas cases that it might be shown, in discharge of the attachment, that the mortgaged lands afforded a sufficient security for the money sought to be recovered ; but nothing has been presented in this case suggestive of such a question, and hence we have not attempted to indicate or to prescribe any definite rule in that respect. It may not be improper, however, to remark that the issuance of a writ of attachment, where the mortgaged property constitutes a sufficient security for the mortgage debt, would, in the nature of things, be wrongful and oppressive.

It is claimed that the allegations of the affidavit upon which the proceedings in attachment were based were not sustained by sufficient evidence, and that, for that reason, a new trial ought to have been granted.

The evidence in support of those allegations was not by any means of a conclusive character, but, in our opinion, it fairly tended to sustain the finding of the court upon them. We can not reverse the judgment upon the evidence.

The judgment is affirmed, with costs.