O'Reilly, Appellant, vs. Milwaukee & Northern Railroad Company, Garnishee, etc., Respondent.

*January 15 — February 1, 1887.*

*Liens: Action, legal or equitable?    Garnishment.*

An action to enforce a laborer's lien on cord-wood, under ch. 143, R. S., as amended, is legal in its nature, and garnishment may be resorted to in aid thereof.

O'Reilly vs. Milwaukee & Northern R. Co., Garnishee, etc.

APPEAL from the Circuit Court for *Oconto* County.
The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Webster & Wheeler*, and oral argument by *Mr. Webster*.

*George H. Noyes*, for the respondent.

Cole, C. J. This action was commenced by summons to enforce a laborer's lien upon cord-wood. Garnishee proceedings were subsequently instituted, and the respondent company summoned as garnishee. The garnishee answered, denying all liability to the defendant in the main action. The plaintiff took issue on the answer of the garnishee. Upon this issue coming on for trial, the garnishee proceeding was dismissed on motion. The appeal is from the order dismissing the proceeding.

As we understand the contention of respondent's counsel, it is that the order is correct, (1) because an action to enforce a laborer's lien upon cord-wood is essentially equitable in its nature, and that the right of garnishment is not given in suits in equity; and (2) the proceeding to enforce such lien is a special one, given and regulated entirely by the statute, and the garnishee process has not been made applicable to it.

Whether the proceeding to enforce the lien is legal or equitable depends wholly upon the provisions of the statute. It is competent for the legislature to give such a remedy in a legal action, and in the particular case we can only determine from the statute itself whether the proceeding partakes of a legal or equitable character. An action to enforce a mechanic's lien under the Revision of 1878 has been held to be equitable mainly because the procedure to enforce it was very similar to a suit to foreclose a mortgage, and provision was made for an equitable distribution of the proceeds of the sale among the several lien claimants ( *Willer v. Bergenthal*, 50 Wis. 474), although under the old statute

it had been decided that the action was one at law. _Marsh v. Fraser_, 27 Wis. 596.

An examination of the provisions of ch. 143, R. S., as amended, which give the laborer's .lien upon cord-wood, convinces us that the proceeding to enforce such lien is legal. The procedure is analogous to an ordinary action at law _inter partes_. Attachment is given as an ancillary remedy; a justice of the peace has jurisdiction where the amount claimed does not exceed his jurisdiction; the cause is triable by a court or jury; if a lien is proven and adjudged upon the property, the judgment is enforced by an execution in the prescribed form; and a personal judgment is rendered in favor of the plaintiff and against the defendant liable for the labor performed. These features of the proceeding lead us to class it among legal actions. It is suggested that a personal judgment is not rendered against the party liable for the debt except on failure to establish the lien. But we cannot adopt that construction of the statute. In our judgment, it would be contrary to the manifest intention of the legislature to so hold.

Further, it is said that in ch. 143, as amended, which gives this special proceeding to enforce a lien upon cordwood, etc., there is no mention of a remedy by garnishment; therefore garnishee process cannot be resorted to in aid of the action. But we see no sufficient reason for saying that the garnishee proceeding cannot be invoked in this case. Ch. 125, R. S., provides that any creditor shall be entitled to proceed by garnishment against any person, except a municipal corporation, who shall be indebted to or have any property whatever in his possession or under his control belonging to such creditor's debtor, upon the conditions and in the manner therein prescribed. This remedy may be had by complying with the statute either at the time of the issuing of the summons, or at any time thereafter before final judgment, in any action to recover damages

founded upon a contract express or implied.   It is true, the remedy by attachment is given in the lien suit, but that is not inconsistent with the remedy given by the garnishee process.   Why cannot garnishment be resorted to in aid of the lien suit, even if an attachment has been issued?   We certainly can see no objection to it.   But here the plaintiff did not see fit to avail himself of an attachment.   He commenced the action by summons, and then instituted the garnishee proceedings.   The practice seems to us to be sanctioned by the statute.

It follows from these views that the order of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is so ordered.