JOSEPH H. BROWN V. H. L. WYATT ET AL.

No. 2610.

**Partnership—Attachment.**—A promissory note given to a retiring partner by his former partner for the payment of a specific sum at a fixed period, was executed to secure the retiring partner in the payment of the partnership debts, and for his interest in the assets, it being understood that any payment of firm debts made by the maker of the notes direct to a creditor of the old firm should be credited on the note. The object of the note was to secure the payment of the firm debts to the retiring partner. *Held*:

1. That the partnership debts being unpaid at the maturity of the note, liability thereon was not contingent, and a right of action existed to enforce its payment.

2. Such right of action is sufficient to support an attachment.

APPEAL from Ellis. Tried below before Hon. Anson Rainey.

*M. B. Templeton,* for appellant. — 1. To support an attachment there

must be at the time of the institution of the suit an actual indebtedness either due or that will absolutely become due.

2. A note given as indemnity against a contingency which may or may not happen is no debt at all.

3. Jones at the institution of Wyatt's attachment was not indebted to Wyatt anything by reason of the outstanding liabilities of Wyatt & Jones, assumed by Jones; said liabilities were still outstanding against Wyatt & Jones.

4. The fact that Wyatt, after the levy of appellant's writ of attachment, discharged the outstanding liabilities of Wyatt & Jones, can not change this appellant's rights as they existed at the moment of the levy of his attachment.

Drake on Attachments, secs. 27a, 549, 552, 559; Wade on Attachments, vol. 1, sec. 17; Id., vol. 2, secs. 448, 449, 450, 453.

*G. C. Grace* and *F. P. Powell,* for appellees.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee, H. L. Wyatt, against W. C. Jones, to recover an alleged indebtedness evidenced by five promissory notes. An attachment was sued out at the time the suit was instituted, and was levied upon a stock of goods, which were subsequently sold, and the proceeds were thereafter paid into court. There is no statement of facts in the record, but the facts appear in the findings of the court, which are adopted by appellant as a statement of the case. The findings are as follows:

1. In February, 1886, H. L. Wyatt and W. C. Jones (plaintiff and defendant) formed a partnership to carry on a grocery business under the firm name of Wyatt & Jones. H. L. Wyatt put in the business $1000 capital and Jones nothing. They were equal partners.

2. On the 23d day of July, 1886, said firm, by mutual consent, was dissolved, H. L. Wyatt retiring, and W. C. Jones continued the business under the style of W. C. Jones & Co.

3. At the time of the dissolution said firm of Wyatt & Jones owed about $3000 outstanding indebtedness. There was due said firm accounts to the amount of about $1750.

4. The consideration of the first two notes mentioned in plaintiff's petition, to-wit, $300 and $360, were for money loaned W. C. Jones by H. L. Wyatt; the consideration for the other notes sued upon are as follows: Wyatt & Jones agreed that Jones should take the stock of goods and all notes and accounts due the firm of Wyatt & Jones and assume all outstanding indebtedness of the firm, and to secure Wyatt against the creditors whose debts were assumed by Jones, as well as to evidence the consideration for Wyatt's interest in the stock of goods and accounts due the firm, the notes were given. It was agreed that if Jones paid the in-

debtedness of the firm, to the amount so paid he should be entitled to a credit on said notes.

5.   At the time of the institution of this suit neither Jones nor Wyatt had paid any of the indebtedness of Wyatt & Jones; but during the months of October and November, 1886, Wyatt paid off said indebtedness to the amount of $4412.

6.   That plaintiff, H. L. Wyatt, on the 28th day of September, 1886, levied his writ of attachment on the stock of goods of W. C. Jones for the full amount of his said notes, to-wit, $4307.50; that on the 30th day of September, 1886, intervenor, Jos. H. Brown, levied a second attachment on said goods for the sum of $650.86.

7.   The said goods were sold on the 16th October, 1886, by order of court, obtained by H. L. Wyatt, and brought the sum of $3051.50, which said sum of money, less the cost of sale, was duly returned into court.

8.   That by agreement of all parties, at the March Term of the court H. L. Wyatt drew out all said money except the sum of $750, which remained in court to await the result of the suit.

9.   That in the District Court of Ellis County, Jos. H. Brown, on the 12th day of March, 1887, in his attachment suit against W. C. Jones, obtained a judgment for $650.09, and costs amounting to $6.05, with eight per cent interest thereon, with foreclosure of attachment lien, etc., subject to this suit.

10.   That in the justice court of Ellis County, Jos. H. Brown, on the 31st day of July, 1887, obtained a judgment against Wyatt & Jones for $77.91 with interest at eight per cent.

11.   That in the County Court of Galveston County, intervenors, Focke, Wilkins & Lange, on the 21st October, 1887, recovered a judgment against Wyatt & Jones for the sum of $594.50 with interest at ten per cent thereon.

12.   That in the County Court of Ellis County, intervenors, Greely Bernhein Grocery Co., on the 20th day of January, 1888, recovered a judgment against Wyatt & Jones for the sum of $237.55 with interest at eight per cent thereon.

13.   That plaintiff and defendant admitted that intervenors, as creditors of Wyatt & Jones, were entitled to the proceeds of sale of goods attached.

Upon the facts so found the court gave judgment that appellant take nothing by his plea of intervention, and distributed the money in court among the other parties.   Brown alone appeals.

It is not here claimed that there was any fraud in the case.   But it is contended, on behalf of appellant, that the three notes given by Jones to Wyatt at the time he sold the goods were not at the time the attachment was sued out such a subsisting indebtedness as would authorize the writ. In order to procure an attachment in this State the plaintiff must in every case make oath that the defendant is justly indebted to him in the sum

claimed in the writ; and therefore it must be conceded that if the result of the transaction between Wyatt and Jones, at the time of the sale, was such as to create only a contingent liability upon the three notes then executed, the attachment, so far as those were concerned, was without authority of law. In other words, if Wyatt did not have a cause of action against Jones until he discharged the partnership debts, against the payment of which the notes were intended to secure him, then at time the attachment was sued out Jones owed him nothing upon them, and the writ should as to them be held invalid. But upon what ground are they to be held to create only a contingent liability? Their object was doubtless merely to secure the payment by Jones of the partnership debts he had assumed to discharge, and to protect Wyatt against their payment. But they are upon their face unconditional promises, and with the other evidence show the fact that the method agreed upon by the parties for securing Wyatt was Jones' obligation to pay him the amount of the partnership indebtedness. The fact that any payment made by Jones upon the firm debts was to be credited upon the notes did not make them any less legal and subsisting obligations, payable absolutely, until paid either directly to Jones or indirectly to the creditors of the partnership upon their claims against it. The consideration of the notes is the sale of Wyatt's interest in the assets of the partnership, and Jones not having paid the debts the result is the same as if in the transaction Wyatt had assumed the debts of the firm and Jones had executed the notes in consideration of that undertaking as well as of the transfer by Wyatt of his interest in the firm assests. Indeed it may be doubted if such is not the legal effect of the transaction.

We see no sufficient reason for doubting that all these notes were debts in the sense that that word is used in our attachment laws, and therefore the judgment will be affirmed.

*Affirmed.*

Opinion November 20, 1888.