(119 App. Div. 698)

### AVERY et al. v. AVERY.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

ATTACHMENT—WHEN AUTHORIZED—ACTIONS FOR MONEY ONLY.

An action by the holder of a note to charge the real estate of which the maker died seised with the payment thereof, brought against the heir entitled to the estate, is a suit in equity in the nature of a proceeding in rem, in which the judgment directs as required by Code Civ. Proc. § 1852, that the debt be collected out of the estate, and is not an action for the recovery of money only, within section 635, authorizing an attachment against property where the action is to recover money only.

Appeal from Special Term, Fulton County.

Action by Alfred H. Avery and another, as surviving partners of the firm of A. H. Avery, Son & Co., against Frederick L. Avery. From an order denying a motion to vacate a warrant of attachment (102 N. Y. Supp. 955), defendant appeals. Reversed, and motion to vacate granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

N. H. Anibal, for appellant.
H. D. Wright, for respondents.

SEWELL, J. This is an action to charge the real estate of which Charles A. Avery died seised with an indebtedness due to the plaintiffs. The complaint alleges the making of a promissory note by Charles A. Avery; that the plaintiffs are the owners thereof; that $4,671.48 and interest from July 1, 1902, is due; that the defendant is the sole heir at law and next of kin of the deceased, and as such is entitled to an undivided one-eighteenth of the real estate described in the complaint; that more than three years have elapsed since letters of administration were granted; and that the decedent's assets are not sufficient to pay the plaintiff's debt. From the facts set forth in the complaint and the affidavit upon which the attachment was granted, it is manifest that this

is not an action for the recovery of money only, and therefore not one in which an attachment might issue under the provisions of section 635 of the Code of Civil Procedure. The action is, not to enforce, but to acquire, a lien upon the real property, which descended to the defendant, and to authorize its sale for the purpose of satisfying the debt. Rogers v. Patterson, 79 Hun, 483, 29 N. Y. Supp. 963.

It is an action in equity having the nature of a proceeding in rem in such sense that, when the land has not been aliened by the heir, the judgment must direct that the debt of the plaintiff be collected out of the real property. Code Civ. Proc. § 1852; Hauselt v. Patterson, 124 N. Y. 356, 26 N. E. 937. In Wood v. Wood, 26 Barb. 356, where the same relief was sought, the court said:

· "The basis of the action is the debt which Jacob Wood, deceased, owed the plaintiff; but that is not the gist of it. It is not an action for the recovery of money only, although the ultimate object of it is to obtain money; * * * but it is an equitable action to reach certain real estate which Jacob Wood, deceased, devised to the defendants, and to authorize its sale for the purpose of satisfying a debt that the deceased owed the plaintiff. It is strictly an action in rem; for no facts are set out in the complaint, and none were established on the trial, to support a claim against the defendants personally. In other words, it is an action for equitable relief, of which the Supreme Court had not jurisdiction prior to the enactment of the Code."

In Mortimer v. Chambers, 63 Hun, 335, 17 N. Y. Supp. 874, Judge Andrews, speaking of the case of Wood v. Wood, said:

"What is said by the learned judge about the nature of the action in that case applies to the case at bar. The complaint does not ask for personal judgment against the defendants, and the only relief prayed for is that the property described in the complaint shall be sold and the debts of the plaintiff paid out of the proceeds."

Since the amendment of the Code, in 1866, which restricts by its terms the cases in which attachments are allowable to actions arising on contract for the recovery of money only, it has been held that this provisional remedy could not be granted in equitable actions. Ebner v. Bradford, 3 Abb. Prac. (N. S.) 248; Van Wyck v. Bauer, 9 Abb. Prac. (N. S.) 142; Hankinson v. Page, 12 Civ. Proc. R. 288; Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794. I find no case holding that an attachment can be granted in an action, which seeks other relief, before there can be a judgment for money. It was not so held in Hamilton v. Penney, 29 Hun, 265, upon which the plaintiffs seem to rely. The plaintiff there sought to recover the amount due upon a promissory note made by the defendant. Unlike the case at bar, a personal judgment was sought and could be entered therein. It is true that the plaintiff asked, in addition to the demand for judgment, that the mining stock given to secure the note be sold and the proceeds applied upon the judgment. Of that the court said:

"This averment is no part of the cause of action. It is just and fair that the defendants have the benefit of the collateral security. The rule of law in such cases gives the right to have the collateral applied upon the claim without the plaintiff's offer. It is not material whether the application of the collateral be made before judgment for the money amount due, or afterwards. The acknowledgment that the plaintiff holds collateral which he wishes to have sold to apply upon the judgment does not, therefore, make the claim other than a claim for money only."

That action was in form an action for the recovery of money only, and it appears that the plaintiff complied with the conditions imposed by section 636 of the Code, by furnishing an affidavit stating, among other things, that a cause of action existed in his favor against the defendant for the amount due on a promissory note of $1,000 and interest, "which amount plaintiff is entitled to recover from defendant over and above all counterclaims known to plaintiff." I think that case was within the letter of the law relating to attachments, and quite consistent with the idea that an attachment is not allowable in this class of actions.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate attachment granted, with $10 costs. All concur.