Louis Smyth, as Committee of the Property of Catherine J. Smyth, an Incompetent Person, Plaintiff, *v.* George C. Mayer, Individually and as Executor of the Last Will and Testament of Otillia M. Mayer, Deceased, Mary E. Schall, Mildred Schulz and Eleanor Schulz, and Others, Defendants.

(Supreme Court, New York Special Term, December, 1918.)

Attachment — unauthorized in action to foreclose a mortgage.

Where on the face of the complaint in an action to foreclose a mortgage the plaintiff is entitled to have recourse to the defendants for only so much of the mortgage debt as the

Supreme Court, December, 1918.          [Vol. 105.

proceeds of the sale will be unable to pay, the granting of a warrant of attachment is unauthorized and upon motion will be vacated.

MOTION to vacate a warrant of attachment.

Cadwalader Wickersham & Taft (John G. Boston, of counsel), for plaintiff.

Louis F. Doyle, appearing specially for defendants Schulz for the sole purpose of this motion.

PHILBIN, J.    The defendant moves to vacate a warrant of attachment issued in this action brought for the foreclosure of a mortgage on real property, on the ground that the granting of such warrant is unauthorized.    The complaint is in all respects in the conventional form and asks for no personal judgment against the mortgagors for a sum of money, except as set forth in the clause containing the prayer for relief. This asks in the usual manner for the foreclosure of the mortgage and the sale of the premises; that the net proceeds of sale be applied to the payment of the amount due the plaintiff for principal, interest and costs, and that if any deficiency remain, the plaintiff have judgment against the defendant mortgagors. The warrant of attachment was issued after the commencement of the action and the affidavit in support thereof recites the bringing of the action for the recovery of $18,000, the principal of the bond, and for the foreclosure of the mortgage, and sets forth that plaintiff is entitled to recover the said sum over and above all counterclaims known to the plaintiff.    The non-residence of said defendants is also alleged.

The plaintiff's right to have the attachment sustained is based upon the theory that this action is brought to recover a sum of money *only* and for

damages for breach of an express contract under section 635 of the Code of Civil Procedure. If plaintiff had brought an action on the bond alone there would be no question that the case would come within the section, as he would then be seeking to recover a sum of money only, in an action at law. But that is not the situation here, for he is also attempting to foreclose a mortgage on the real estate of the defendants, and the recovery of the money from them personally is contingent upon there arising a deficit on the sale. On the face of his complaint he is entitled to have recourse to the defendants for only so much of the debt as the proceeds of sale will be unable to pay. He asks for no more. It follows that an attachment cannot be had in this action which is not brought to recover a judgment for a definite sum of money over and above all counterclaims known to the plaintiff. Such conclusion is supported by authority. *Van Wyck* v. *Bauer,* 9 Abb. Pr. (N. S.) 142, cited with approval in *Avery* v. *Avery,* 119 App. Div. 698, 700. An attachment cannot be issued where a money judgment can be obtained only after the granting of other relief. *Avery* v. *Avery, supra.*

In the case of *Hamilton* v. *Penney,* 29 Hun, 265, relied upon by plaintiff, the action was brought at law to recover on a note secured by collateral and it was demanded that the latter be sold and the proceeds applied upon the judgment. A motion to vacate an attachment was denied. The distinction between the *Hamilton* and the instant case is apparent, since this is an equity action to foreclose a lien. The court in the *Hamilton* case held that it was an action for the recovery of money only and said that the demand that the collateral be sold and proceeds applied upon the judgment was no part of the cause of action; that the rule of law in such cases gives the right to have the

collateral applied.   The case of *Corson* v. *Ball,* 47.
Barb. 452, also cited by plaintiff, was an action for
a sum of money claimed to be due a vendor on the
sale of lands, and judgment against the defendants
was sought for the amount demanded.   The decision
denying the motion to vacate the attachment was based
upon the section of the Code as it stood prior to 1866,
when the amendment was enacted providing that an
attachment can issue where the action is for a sum of
money " only."

Motion granted.