CHARLES H. BROADFOOT, as Administrator of ELIZABETH M. HURLEY, Deceased, Plaintiff, *v.* GEORGE W. MILLER, LIZZIE MILLER and JACOB STORMS, Defendants.

(Supreme Court, Otsego Special Term, March, 1919.)

Injunctions — when unauthorized in an action to foreclose a mortgage — Code Civ. Pro. § 604.

An injunction granted under section 604 of the Code of Civil Procedure in an action to foreclose a mortgage restraining the defendant mortgagor from selling his personal property in order that the plaintiff may reach it on an execution which might issue upon any judgment for deficiency, is unauthorized and on motion will be vacated.

MOTION to vacate an injunction.

Tilley Blakely, for plaintiff.

Claude V. Smith, for defendant.

KELLOGG, A. L., J. This is a motion made by the defendant George W. Miller to vacate an injunction order granted on plaintiff's application, *ex parte,*

restraining said defendant from selling, offering for sale or in any manner transferring or disposing of his personal property consisting of livestock, farm products, wagons and chattels, which he had advertised, just previous to granting the order, to be sold at public auction.

This action was brought for the foreclosure of a mortgage executed by the defendant Miller and his wife to plaintiff's intestate. The whole amount of the mortgage was due and unpaid at the time of the service of the summons and complaint. The bond accompanying the mortgage was executed by the defendant George W. Miller only, and he and his wife were the owners as tenants by the entirety of the equity of redemption. The defendant Jacob Storms held a mortgage on the premises, which was a lien prior to the mortgage sought to be foreclosed.

The complaint is, in all respects, in the usual form, and demands no personal judgment against the mortgagors except as set forth in the prayer for relief which asks for the foreclosure of the mortgage, the sale of the premises, the payment of all taxes which are liens, the costs of the action, the amount of the Jacob Storms mortgage, and from the balance, if any remains, the amount due on the bond and mortgage described in the complaint, and if any deficiency remains, that the plaintiff may have judgment against the defendant George W. Miller.

The injunction order now sought to be vacated was granted under section 604 of the Code of Civil Procedure, which provides as follows:

" In either of the following cases an injunction order may also be granted in an action:

" 1. Where it appears, by affidavit, that the defendant, during the pendency of the action, is doing, or procuring, or suffering to be done, or threatens, or is

about to do, or to procure, or suffer to be done, an act, in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom.

"2. Where it appears, by affidavit, that the defendant, during the pendency of the action, threatens, or is about to remove, or to dispose of his property, with intent to defraud the plaintiff, an injunction order may be granted, to restrain the removal or disposition."

The plaintiff here contends that he is within the provisions of this section of the Code, in that it appears from his affidavits, upon which the injunction order was granted, that the defendant George W. Miller was about to sell and dispose of substantially all of the personal property owned by him, for the express purpose of evading the payment of any deficiency judgment which should be entered against him herein, and with intent to defraud the plaintiff as such, and that the fact appears in the moving affidavits that the defendant George W. Miller owned no real estate other than that upon which said two mortgages were liens.

The defendant George W. Miller moves to vacate the injunction on the ground that the property covered by the injunction is not that which is described in any way in the bond or mortgage therein described, by which any lien is created on the personal property owned by the defendant George W. Miller.

The plaintiff's right to have the injunction sustained must be based upon the theory that under these provisions of section 604 of the Code of Civil Procedure, the defendant, during the pendency of the foreclosure action, "is doing, or procuring, or suffering to be done, * * * an act, in violation of the plaintiff's rights, respecting the subject of the action, and tending to render *the judgment ineffectual,*" or, "that

the defendant, during the pendency of the action, threatens, or is about to remove, or to dispose of his property, with intent to defraud the plaintiff.'' But the purpose sought to be accomplished here does not come within either of the two subdivisions of section 604 of the Code above quoted. The recovery of a money judgment against the defendant George W. Miller, personally, is contingent upon the fact that a deficit will arise as the result of the sale, and is not a request for relief within the foreclosure action itself.

It follows that an injunction order may not be granted in the foreclosure action to restrain the defendant from the sale of his personal property in order that the plaintiff may reach the same on an execution which may issue on a judgment for deficiency for a sum of money only, which may possibly arise as a result of the foreclosure, and be granted in a further and separate proceeding, for the reason that it does not thereby appear that the defendant George W. Miller is about to do any act which would render the judgment of foreclosure and sale *ineffectual,* or is about to dispose of his property with intent to defraud the plaintiff in the foreclosure action.

It has recently been held that where, on the face of the complaint in an action to foreclose a mortgage, the plaintiff is entitled to have recourse from the defendants for only so much of the mortgage debt as the proceeds of the sale will be insufficient to pay, the granting of a warrant of attachment as an aid to a deficiency judgment which might arise therein is unauthorized, and upon motion will be vacated. *Smyth* v. *Mayer,* 105 Misc. Rep. 391.

I am of the opinion, therefore, that the restraining order should be vacated, with ten dollars costs of motion.

Ordered accordingly.