## SMITH v. SEALY STATE BANK OF SEALY et al. (KOENIG et al., Interveners).

### No. 9842.

Court of Civil Appeals of Texas. Galveston.
May 4, 1933.

Miller, Hopkins & Miller, of Gonzales, and O. G. Krueger, of Bellville, for appellant.

GRAVES, Justice.

This appeal by the plaintiff below is from a judgment of the trial court wherein respective general demurrers and motions of the opposing parties challenging the sufficiency of the proceedings were sustained and the writ of garnishment quashed, the judgment in full being as follows:

"E. E. Smith vs. Sealy State Bank of Sealy, Texas, Garnishee.
"No. 6394
"In the District Court of Austin County, Texas, January Term, A. D. 1932.
"29th day of January, A. D. 1932.

"On this day came on to be heard the above-entitled and numbered cause, wherein E. E. Smith is plaintiff in garnishment and Sealy State Bank of Sealy, Texas, a private corporation having its office and principal place of business at Sealy in Austin county, Tex., is defendant in garnishment, and Louise Koenig, joined pro forma by her husband, E. Koenig, Sr., are interveners, being the same garnishment cause originally instituted in the district court of Gonzales county, Tex., and numbered 7659, on the docket of said court, and duly transferred to this court by order of said district court of Gonzales county, Tex., made and entered on July 30, 1927, and filed in this court on September 23, 1927, together with a duly certified copy of the proceedings in the original suit or cause No. 7658 on the docket of the district court of Gonzales county, Tex., and of the proceedings in garnishment in said cause No. 7659, including certified copies of the plaintiff's application for writ of garnishment, the answer of the garnishee, and the affidavit controverting such answer, in order that this court might try the issues made as provided by law in such cases; whereupon came the said plaintiff, E. E. Smith, and the defendant, Sealy State Bank of Sealy, Tex., and the interveners, Louise Koenig and her husband, E. Koenig, Sr., all by their attorneys of record; and, the issues having been made and formed upon the answer of the garnishee and the plaintiff's first amended affidavit controverting the answer of the garnishee and the first amended answer of plaintiff to plea of intervention by Louise Koenig. joined pro forma by her husband, E. Koenig, Sr., and the first amended plea of intervention of the said Louise Koenig, joined pro forma by her husband, E. Koenig, Sr., filed herein on January 28, 1932, and the answer of the garnishee filed herein on January 28, 1932, and the plaintiff's exceptions and reply to defendant's answer, filed herein on January 28, 1932, came on to be heard and considered the general demurrer of the garnishee contained in the answer of said garnishee (a certified copy of which is on file in this court), and the general demurrer to the application and affidavit for writ of garnishment and motion of the garnishee to quash garnishment sued out by plaintiff contained in paragraph No. 1 of its answer filed herein on January 28, 1932, and the general demurrer of the intervener Louise Koenig, contained in paragraph No. 1 of her first amended plea of intervention herein, to the application and affidavit for writ of garnishment, and motion to quash said garnishment sued out by plaintiff, and the court, after hearing said demurrers and exceptions and the argument of counsel thereon, deferred ruling finally thereon and stated and ordered that he would take same under advisement and rule on same after hearing the evidence adduced by the parties on trial of said cause; and thereupon the parties, plaintiff and defendant and interveners, announced ready for trial, without prejudice to their right to be heard on their demurrers, exceptions, and motions filed by them respectively, as aforesaid. And the parties having presented all of their evidence, and the court having heard and considered the pleadings and the evidence adduced thereunder, and having, in connection therewith, heard and fully considered all of the aforesaid demurrers, exceptions, and motions of the parties hereto, respectively, is of the opinion that the general demurrers and motions aforesaid of the defendant (garnishee) and the interveners should be sustained, and that the general demurrer and special exception aforesaid of the plaintiff should be overruled.

"And it is therefore further ordered by the court that the general demurrer of the defendant (garnishee herein) contained in its answer (a certified copy of which is on file in this court) and the general demurrer and motion of the garnishee to quash the garnishment sued out by plaintiff, contained in paragraph No. 1 of its answer and filed herein on January 28, 1932, and the general demurrer of the intervener Louise Koenig, contained in paragraph No. 1 of her first amended plea of intervention herein, to the application and affidavit for writ of garnishment herein, and motion to quash said garnishment sued out by plaintiff, be and are each hereby sustained; and that the writ of garnishment issued in this cause be and the same is hereby quashed, set aside, and held for naught, and that the defendant, Sealy State Bank of Sealy, Tex., and the interveners, Louise Koenig and her husband, E. Koenig, Sr., go hence without day and that they recover of plaintiff, E. E. Smith, their costs in this behalf expended, for which let execution issue."

It will be noted from the terms of the decree that the cause was not adjudicated on the merits, nor were any facts found as a basis for such a determination, only the appellees' several demurrers and motions going to the legal sufficiency of the proceedings taken by the appellant to present a cause of action in garnishment being sustained, on evidence heard as in aid of that action only.

In the circumstances obtaining, we think this was error, that the writ of garnishment so sued out was a valid one, and that the court should have tried out on the merits the fact issues raised thereunder; as the respective demurrers and motions to quash disclose, the objection to the sufficiency of the proceedings supporting the writ—not only as

originally interposed but also as repeated in amended pleadings at this hearing—was, in material substance, that, since at the time it was applied for and issued, in the original cause to which it was ancillary—No. 7658 in the district court of Gonzales county, styled E. E. Smith v. E. Koenig, Sr., et al.—which was a suit for both debt and foreclosure of a vendor's lien securing the same by appellant, Smith, against appellees Koenig and wife, there had then been neither a judgment for the debt, nor a foreclosure of such lien, nor the ascertainment of any resulting deficiency in obligation against them, the remedy of garnishment did not lie, and the writ so issued was not alone premature but wholly void.

The judgment upholds this reiterated position of the appellees, notwithstanding the facts that, first, the prescribed procedural steps looking toward and the consequent issuance of the garnishment writ had all been duly followed, pursuant to the statutes in such cases, and, second, that appellant, by amended pleadings and uncontroverted evidence at the time of this trial, alleged and at least prima facie showed, that each and all of these things had in the meantime been done—that is, that judgment in the basic suit had been rendered fixing the amount of the debt, foreclosure, and sale of the land so securing it had been had, with credit of the proceeds thereon, and that a resultant deficiency in excess of $5,004.70 had been thereby mathematically ascertained as being still due appellant by the appellees.

It further appeared that such judgment—as so executed—had not been appealed from, hence had then become a finality between the parties to it.

In view of the statement, supra, that all prescribed requirements were duly and properly complied with preliminarily to and in the issuance of the writ in garnishment, it becomes unnecessary to specifically detail or even to catalogue them here, since the appended citations of the statutes themselves show what they were.

The precise question presented, that is, whether or not the garnishment writ was void because issued in the circumstances stated prior to the reduction of the original debt to a judgment and the utilization of the property securing it to the extent of mathematically determining the deficiency thereafter remaining, without reference to the changed conditions at the time of this trial whereby such deficiency had been so ascertained, has been already foreclosed in Texas, we think, in Walden v. Locke (Tex. Civ. App.) 49 S.W.(2d) 832, 835, writ of error refused; while that holding was made in an attachment case, the principle is equally applicable to one in garnishment, and the facts otherwise were nothing short of the legal equivalent of those obtaining here, inclusive of the original issuance of the writ involved before the ascertainment of the deficiency remaining after appropriation of the security and the completion of that process prior to the trial. In disposing of the question the court said:

"The affidavit was in statutory form. The statements contained in it authorized the attachment and its levy. The validity of an attachment depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. 5 Tex. Jur. p. 207, § 39. If they were false they might furnish the basis for a damage suit or recovery on the bond, but they would afford no ground for quashing the writ under the facts of this case. Subsequent events in the history of this lawsuit disclose that the plaintiffs' conviction that they would probably lose the debt if the writ was not issued was well founded. The first lien mentioned in the plaintiffs' original petition was foreclosed and the total security held by the plaintiffs under their contract liens was bid in for less than the $20,000 indebtedness. Such facts set forth in the first amended original petition, which claimed a foreclosure on the attachment lien, did not in any way abandon or fundamentally alter the original suit so as to take it away as a basis of the attachment or deprive the plaintiffs of that remedy. The statutes in this state relating to attachments do not forbid a creditor's resorting to that remedy, even though he has a secured demand. Branshaw v. Tinsley [4 Tex. Civ. App. 131, 23 S. W. 184], supra; Howard v. Parks, 1 Tex. Civ. App. 603, 21 S. W. 269, 272."

That holding rules the case at bar, and in further support of it, as applicable here, our statutes above referred to and other authorities are thus cited: Vernon's Ann. Civ. St. of Texas, arts. 4076–4079, 4084, 3783 (subd. 3), 2218; Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585, 587, 588; First National Bank of Gallatin v. Wallace (Tex. Civ. App.) 65 S. W. 392, 394; Branshaw v. Tinsley, 4 Tex. Civ. App. 131, 23 S. W. 184; Howard v. Parks, 1 Tex. Civ. App. 603, 21 S. W. 269, 272; Brown v. Wyatt, 72 Tex. 60, 10 S. W. 321; Carter v. Bush, 79 Tex. 29, 15 S. W. 167; Moody v. Carroll, 71 Tex. 143, 8 S. W. 510, 512, 10 Am. St. Rep. 734; 28 Corpus Juris, 31, par. 25, page 36, par. 33; Bank of Eudora v. Ross, 168 Ark. 754, 271 S. W. 703; Martin v. Holland, 87 Ind. 105, 107, 108; Gillespie v. Lovell, 7 Kan. 419; Shedd v. McConnell, 18 Kan. 594; Corson v. Ball, 47 Barb. (N. Y.) 452; O'Reilly v. Milwaukee, etc., R. Co., 68 Wis. 212, 31 N. W. 485.

Since this conclusion determines the merits of the appeal, further discussion is deemed unnecessary; it follows that, the garnishment proceeding being valid, the trial court erred in not determining the fact issues there-

in found. The judgment will therefore be reversed and the cause remanded for trial upon the merits.

Reversed and remanded.