### LAZENBY v. CODMAN et al.

District Court, S. D. New York.
July 22, 1939.

950

Davies, Auerbach, Cornell & Hardy, of New York City (William J. Carr, of New York City, of counsel), for plaintiff.

Wing, Lakin & Whedon, of New York City (Burt D. Whedon, of New York City, of counsel), for defendants.

CLANCY, District Judge.

The plaintiff, an attorney, brings this action against Massachusetts Trustees under the will of Maria P. Codman, probated in that state. Plaintiff instituted proceedings in the Supreme Court of the State of New York by securing a warrant of attachment on January 10, 1939, which was executed in this state on January 12, 1939, by service upon one of the administrators with the will annexed of the Estate of one Erlanger against which estate the Codman Trust had a claim. On January 13, 1939,

plaintiff secured an order for service of the summons by publication or by personal service in Massachusetts and thereafter the summons and complaint was served on the defendants personally in the State of Massachusetts. The action was then removed to this Court.

The complaint sets forth a first cause of action for the reasonable value of legal services rendered by plaintiff to the defendants as creditors of the Estate of Erlanger. The schedule shows that these services were in connection with the claim of the Codman Estate against the Erlanger Estate. The second cause of action is for the reasonable value of stenographic work incidental to the services set forth in the first cause of action.

Defendants, by answer, have set up numerous defenses including the defense that the Court has no jurisdiction over the persons of the defendants; that service of the summons was insufficient as service was made outside the state and was not preceded by a valid attachment; and that the complaint fails to state a claim upon which relief can be granted. Defendants demanded a jury trial.

The defendants now move: (1) To dismiss the action because the complaint fails to state a claim upon which relief can be granted; (2) to dismiss the action or in lieu thereof to quash the return of the summons on the ground that said summons was not served upon the defendants personally in the State of New York but in the State of Massachusetts and that no valid attachment against the property of the defendants in the State of New York was obtained before the service; (3) to vacate the warrant of attachment on the ground that the complaint and the moving affidavit upon which it was granted failed to show that the action was one to recover a sum of money only for breach of contract; and (4) to vacate the order for service of the summons on the ground that the affidavit on which it was obtained did not show that a warrant of attachment against the property of said defendants had been levied on property of said defendants within the State of New York prior to the application for said order.

The complaint is clearly one setting forth an action at law for the reasonable value of services rendered to trustees under a will. There is no claim that there was any legal relation between the deceased, Maria P. Codman, and the plain-

tiff and the services were rendered subsequent to her demise. The contract underlying the action is that of the trustees as such, which, under the general principles of law of both Massachusetts and New York, binds them as individuals and them only. Hussey v. Arnold, 185 Mass. 202, 70 N.E. 87; Odd Fellows' Hall Ass'n v. McAllister, 153 Mass. 292, 297, 26 N.E. 862, 11 L.R.A. 172; O'Brien v. Jackson, 167 N.Y. 31, 60 N.E. 238. See also Taylor v. Mayo, 110 U.S. 330, 335, 4 S.Ct. 147, 28 L.Ed. 163. Plaintiff has not in any way excepted to defendants' jury demand so he apparently agrees that the form and substance of the complaint is that of a law action.

■ Plaintiff argues: "Both in Massachusetts and New York, the courts allow a creditor who has rendered a benefit to the estate under a contract with the trustee to sue the trust estate in equity where the trustee was authorized to make such a contract and where it is alleged that there is no sufficient remedy against the trustee individually" citing § 268 of the Restatement of the Law of Trusts; Vol. 3, Bogart on Trusts, § 716, Williston on Contracts, § 313; Mason v. Pomeroy, 151 Mass. 164, 24 N.E. 202, 7 L.R.A. 771; King v. Stowell, 211 Mass. 246, 98 N.E. 91; Downey Co. v. 282 Beacon Street Trust, 292 Mass. 175, 197 N.E. 643; Willis v. Sharp, 113 N.Y. 586, 21 N.E. 705, 4 L.R.A. 493, and others. But here plaintiff has instituted a law action against the trustees personally by service outside the state after execution against the property of the estate. The beneficiaries are not parties. O'Brien v. Jackson, supra. Allegations necessary to state the equitable cause of action sustained in the plaintiff's authorities are wholly lacking in the complaint. In the affidavits of plaintiff in the application for the attachment and the application for service by publication, however, are additional facts which might warrant equity's cognizance.

■ Assuming the plaintiff has a cause in equity, we can find no authority holding his action supports an attachment under §§ 902 and 903 of the New York Civil Practice Act. His action in equity could hardly be said to be one to recover a sum of money only as damages for breach of contract. We take it to be true, as a general proposition at least, since the addition of the word "only" to the statute in 1866, that attachment is not proper in an equity action. Prior to that, cases such as Corson v. Ball, 47 Barb. 452, indicated a contrary view but the change of the statute destroyed their authority. Van Wyck v. Bauer, 9 Abb.Prac.,N.S., 142. There is some authority holding the rule absolute. In Ebner v. Bradford, 3 Abb.Prac.,N.S., 248, the Court said: "I do not think the legislature intended to extend the remedy by attachment, to equitable actions. I know of no case where it has been so held, * * *." See also: Avery v. Avery, 119 App.Div. 698, 104 N.Y.S. 290. Hamilton v. Penney, 29 Hun. 265, is really a law action.

■■ Should we disregard the language of Ebner v. Bradford, supra, and restrict the intendment of the language of the Avery case [119 App.Div. 698, 104 N.Y.S. 291] "it has been held that this provisional remedy could not be granted in equitable actions" to the type of action prosecuted in that case and in the cases there cited, we still have in the "money only" clause of the statute an insurmountable barrier to allowing an attachment in this case. Here, the plaintiff's equitable action would be to reach certain property of the estate and have a lien charged thereon. Jessup v. Smith, 223 N.Y. 203, 119 N.E. 403. The action would be an equitable action in rem (Wood v. Wood, 26 Barb. 356) and not one for a personal judgment. While the action might be in a sense one to recover money, the whole purpose of the action would be to charge the estate and the action would not be one for money only.

The plaintiff did not attach property of these defendants in the State of New York. Therefore, the service outside the state could not be made so as to give the Court jurisdiction. The warrant of attachment was improper in the law action against the trustees individually and was likewise improper if we assume the basis of plaintiff's action is one in equity against the estate.

The action must be dismissed for want of jurisdiction and the attachment and service vacated and set aside.