### J. D. DUPUY v. ULLMAN, LEWIS & CO.

#### No. 3058.

1. **Assignment—Attachment.**—As against attaching creditors the assignee under a prior general assignment by the defendant in attachment is entitled to title and possession of the assets so assigned.

2. **Same.**—An assignee was unable to obtain actual possession of the property from the fact that it was held under a valid mortgage at the date of the assignment. Other creditors sought to appropriate the property by attachment. *Held,* that as between the assignee and the attaching creditors the property was not subject to attachment by reason of the possession remaining in the the prior mortgagee.

3. **Parties—Trial of Right of Property.**—An attachment was levied upon personal property. The property was in possession of a mortgagee of the defendant in attachment. The assignee, under a general assignment by the defendant in attachment made subsequent to the mortgage, filed claim bond and oath. *Held,* that in the proceedings to try title to the property the mortgagee in possession was a proper party and could be brought in.

APPEAL from Anderson.    Tried below before Hon. F. A. Williams.

The appellees on the 29th day of December, 1888, in a suit then pending in the County Court of Galveston County, sued out a writ of attachment against the defendant in said suit, J. J. Murphy, which writ of attachment was levied by the sheriff of Anderson County on the 31st day of December, 1888, on eight barrels of whisky called "Coon Hollow," which whisky was taken from the "Ruby Saloon" in Palestine and valued by said sheriff at $560.

On the 3rd day of January, 1889, appellant filed the claimant's affidavit and bond for the trial of the right of property to said eight barrels of whisky as against appellees.    Said affidavit and bond were filed in the district clerk's office of Anderson County on January 28, 1889.

The case was tried on the issues tendered by the parties by the district judge on the 7th day of May, 1890, when the judge rendered a judgment for the appellees, from which Dupuy appealed.

Further statement is contained in the opinion.

*Greenwood & Greenwood,* for appellant.— 1. Ullman, Lewis & Co., appellees, in this suit for trial of the right of property could not legally tender any other issue than that the property levied upon by them secured to them a lien superior to that of appellant and was therefore subject to the payment of appellees' debt against Murphy.    2 Sayles' Civ. Stats., arts. 4834, 4838; 1 Sayles' Civ. Stats., arts. 65a, 65f, 65h; Webb v. Mallard, 2' Texas, 83; Conkrite v. Hart, 10 Texas, 140; Linn v. Wright, 18 Texas, 318; Scott v. McDaniel, 67 Texas, 317.

2.    Appellant having become the legal owner of the entire estate of J. J. Murphy by reason of a deed of assignment legally executed by said Murphy, conveying all of his estate to appellant prior in date to the levy of appellees' writ of attachment, no other remedy was left appellees and no other writ could be legally issued in their behalf after the deed of assignment except the writ of garnishment.    Sayles' Civ. Stats., art. 65h; Keating v. Vaughn, 61 Texas, 518; Schoolherr v. Hutchins, 66 Texas, 324; Craddock v. Orand, 72 Texas, 36.

3.    The judgment as rendered is contrary to the evidence in this:    The evidence showed a valid deed of assignment of Murphy to appellant as his assignee, of date December 24, 1888, conveying the legal title to his entire estate to appellant for the benefit of accepting creditors of assignor, and that on the 31st of December, 1888, appellees caused to be levied upon by virtue of an attachment the eight barrels of whisky as the property of said Murphy; and is contrary to law in this, that it defeats the operation of a valid deed of assignment under the assignment law and adjudges that the attachment sued out after the assignment had taken effect was superior to the title of assignee under the deed of assignment.    Schoolherr,

Bernstein & Co. v. Hutchins, 66 Texas, 324; Weider v. Maddox, 66 Texas, 373; Barber v. Hutchins, 66 Texas, 319; Fant v. Elsbury, 68 Texas, 1; Moody & Co. v. Carroll, 71 Texas, 143; McIlhenny & Co. v. Todd, 71 Texas, 400.

*J. R. Burnett,* for appellees.—Murphy having prior to his assignment duly executed to Burkitt a trust deed to secure a debt and placed Burkitt in possession of the assigned goods, the assignee could not lawfully recover the possession of the goods by claim bond and affidavit pending the execution of the trust deed. The claimant in a proceeding of the trial of the right of property in order to recover must establish a right of possession as well as title, for the purpose of the statute is to give a simple remedy by which the owner may protect both his title and possession. Osborn v. Koenigheim, 57 Texas, 95; Allen v. Russell, 19 Texas, 90; Adoue v. Seeligson, 54 Texas, 600, 601; Garrity v. Thompson, 64 Texas, 599; Keller v. Smalley, 63 Texas, 521.

HENRY, ASSOCIATE JUSTICE.—This suit grew out of the mortgage and assignment involved in the appeal of J. D. Dupuy against G. W. Burkitt, this day decided.

After the execution of the assignment Ullman, Lewis & Co., who were creditors of Murphy, caused a writ of attachment against Murphy to be levied upon eight barrels of the mortgaged whisky while it was in the possession of Burkitt.

The assignee made affidavit and gave bond for the trial of the right of property. The issue tendered by the plaintiffs in the writ stated in substance the mortgage of the property seized to Burkitt, and rested their right to hold it against the claimant upon Burkitt's right of possession and actual possession under the mortgage when their writ was levied.

The claimant excepted to the legal sufficiency of this pleading and the court overruled the exception, and upon the verdict of a jury judgment was rendered in favor of the plaintiffs in attachment.

As between the attaching creditors and the assignee the title, as well as the right of possession of the property in controversy, was in the assignee, and the attaching creditors should not have been allowed to recover the property by showing that it was mortgaged to Burkitt and that he was in a situation to assert a right to its possession against the claimant. Under the circumstances of this case Burkitt alone can assert that right. If from any cause he fails to do so the legal title vested by the assignment in the assignee and his right of possession against all the world except against Burkitt entitles him to a judgment for the property.

If the attaching creditors fear that they may be subjected to a double recovery, we see no reason why they may not, by so framing their plead-

ings, be allowed to bring Burkitt into the cause as a defendant and have the rights of all parties adjusted.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered October 31, 1890.