R. E. BELL v. R. K. STEWART.

Delivered January 29, 1898.

Garnishment—Joinder of Actions.

An attaching creditor who causes goods to be seized by virtue of his attachment and taken from the possession of one who had been previously garnisheed by another creditor of the attachment debtor may properly be joined as a defendant with the garnishee after the garnishing creditor has obtained judgment against the principal debtor, especially where the garnishee asks that he be joined.

APPEAL from the County Court of Parker. Tried below before Hon. I. N. ROACH.

*Haney & McKinsey,* for appellant.

*A. H. Culwell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—October 5, 1896, D. M. Wilson, who had up to that time been engaged in a mercantile business at Gibtown, Jack County, Texas, conveyed and delivered to R. K. Stewart his entire stock of general merchandise in trust for the payment of certain of his creditors in the order named in the preferential deed, including R. E. Bell, to whom he owed something more than $500, and Coleman, Lysaght & Co., to whom he owed a much larger sum. None of the creditors accepted the conveyance thus made for their benefit. On the contrary, R. E. Bell two days thereafter filed suit in the County Court of Parker County against Wilson, and obtained a garnishment writ against Stewart, which was served the following day (October 8th) in Jack

County, where he resided. The next day, October 9th, Coleman, Lysaght & Co., having sued out an attachment against Wilson, caused the goods to be seized by virtue thereof and taken from the possession of Stewart, with full knowledge of the garnishment. December 15, 1896, Bell obtained final judgment against Wilson for the amount of his debt, leaving the garnishment suit still undisposed of.

March 9, 1897, Bell filed in the County Court of Parker County a petition stating in detail the above outlined facts, and containing the following additional allegations: "That the said Stewart was not and is not indebted in any sum to said Wilson, and was not and is not liable under and by reason of the service of said writ, otherwise than by virtue of his being in possession of the effects of Wilson subject thereto as aforesaid. That by said seizure said defendants stripped said Stewart of all property subject to plaintiff's garnishment, and made it impossible for him to respond thereto, and destroyed his liability under said writ. That after the seizure of said property the said Coleman, Lysaght & Co. caused the same to be sold under an order of the court and converted the same and the proceeds thereof to their own use and benefit, and thus wholly deprived plaintiff of his remedy for making his said debt. That the goods, wares, merchandise, and fixtures so wrongfully seized and converted by said defendants in disregard of plaintiff's rights, were worth the sum of one thousand dollars, and the same would have been sufficient to satisfy plaintiff's said debt, and would have been subject thereto by said garnishment proceedings but for the said wrongful acts of defendants. Plaintiff further avers that the said Wilson is actually and notoriously insolvent, and that plaintiff will be defeated in the collection of said debt by the tortious acts of said defendants, unless he obtains relief at the hands of this court."

The caption and introductory part of this petition read:

"R. E. Bell v. R. K. Stewart et al.—In the County Court of Parker County, Texas. March term, 1897.

"Now comes plaintiff in the above styled cause, and, leave of the court being first had, files this his first amended original petition, amending and in lieu of his 'Petition Interpleading Coleman, Lysaght & Co.,' filed herein on December 22, 1896; and for amendment he says."

The indorsement reads: "R. E. Bell v. R. K. Stewart et al. Plaintiff's First Amended Original Petition. Filed March 9, 1897. W. C. McFall, Clk., J. E. Hodges, Dep."

The pleading in lieu of which this amended petition purports to have been filed is not found in the record. The original answer of Coleman, Lysaght & Co. seems to have been filed March 22, 1897, in lieu of which they filed their "first amended original answer" June 25, 1897, interposing, among other defenses, general and special demurrers to Bell's amended petition.

July 2, 1897, the case was tried, when certain of these demurrers were sustained, and the suit dismissed as to Coleman, Lysaght & Co., but

without prejudice to the right of Bell to sue them in a separate action. From that judgment this appeal is taken. It should be further stated, that on that day the garnishee answered, for the first time, denying indebtedness, and setting up the facts about the deed of trust and the seizure of the goods under attachment, and praying the court to compel Bell to make Coleman, Lysaght & Co. parties to the suit, and to look to them for redress, etc.

It seems to be conceded that, on the authority of Focke v. Blum, 82 Texas, 436, the petition of Bell stated a good cause of action against Coleman, Lysaght & Co., but it is contended, in support of the judgment, that they could not be made parties to the garnishment proceeding, which was but ancillary to the original suit, already disposed of, against Wilson. But this view of the matter does not seem to us sufficiently comprehensive. Under the peculiar facts of this case the garnishment had practically spent its force, and to all intents and purposes the suit was an original one against Coleman, Lysaght & Co., who had stripped the garnishment process of all its avails. Any further pursuit in statutory form of that remedy would have been futile.

Having taken all the effects out of the hands of the garnishee, and thus intercepted Bell's pursuit of the garnishment remedy, Coleman, Lysaght & Co. were not in position to controvert the right to join them as parties defendant with the garnishee, if he did not object. But inasmuch as he, too, though at the eleventh hour, prayed to have them made parties, so that the matter in controversy might be litigated between the real parties at interest, it seems quite clear to us that the court should have proceeded with the case, all parties being then before it. Why require a new suit involving the same matter to be brought in the same court between the same parties, since the law discourages delay, puts substance above form, and abhors a multiplicity of suits? No good reason is perceived for such a course of procedure. Our liberal system of remedial justice is not so inflexible. Howard v. Parks, 21 S. W. Rep., 269; Morris v. Davis, 31 S. W. Rep., 850.

For the error in dismissing the suit as to Coleman, Lysaght & Co., the only real defendants, the judgment is reversed and the cause remanded.

*Reversed and remanded.*