YANDELL et al. v. APPLING.

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1911. Rehearing Denied Nov. 8, 1911.)

1. EXECUTION (§ 184*) — CLAIM BY TRANSFEREE OF JUDGMENT DEBTOR—CLAIMANTS' OATH AND BONDS.

A party who has a judgment for debt and for a foreclosure sale of mortgaged chattels may levy on the property in the possession of the judgment debtor's transferee, who, under Sayles' Ann. Civ. St. 1897, art. 5286, is entitled to make oath in writing that his claim is made in good faith, and present such oath in writing to the officer who made the levy, together with his bond, and retain possession of the property.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 184.*]

2. CHATTEL MORTGAGES (§ 294*) — FORECLOSURE—PARTIES.

Claimants of mortgage chattels in their possession, whose title is derived from a foreclosure and a transfer by a junior mortgagee, have no superior rights against the senior mortgagee, who has a judgment for a foreclosure sale and for his debt to an amount larger than the value of the property, though claimants

were not made parties to the foreclosure suit of the senior mortgagee.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 1709–1731; Dec. Dig. § 294.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by D. M. Appling against A. M. Cowart. Judgment for plaintiff for his debt and foreclosure of a chattel mortgage, and an alias order of sale against the property in the possession of L. L. Yandell and others who filed a claimant's affidavit and bond, and retained possession. Judgment for plaintiff, and claimants appeal. Affirmed.

J. M. Moore, for appellants. Walker & Baker, for appellee.

RICE, J. This appeal involves the correctness of the judgment of the county court of said county, rendered in behalf of appellee, upon the trial of the right of property to two mules. The case was tried by the court without a jury, who filed his conclusions of law and fact, from which it appears that A. M. Cowart, on August 30, 1906, was the owner of the mules in controversy, at which time he gave to appellee a mortgage lien thereon, to secure the payment of two promissory notes, which mortgage was forthwith duly filed for record. On the 28th of September thereafter, said Cowart gave to the Farmers' & Traders' Bank a mortgage lien on the same mules, to secure a debt due said bank, with Cooper Bros. as sureties thereon, which was also duly filed for record. Thereafter, on the 1st of April, 1907, said Cowart borrowed from the National Bank of Cleburne an amount sufficient to pay off the indebtedness to the Farmers' & Traders' Bank, which he did, likewise giving it a mortgage lien upon the same mules, to secure his indebtedness to it, upon which Cooper Bros. also became sureties. Subsequently Cooper Bros., as sureties, paid this indebtedness to the Cleburne bank, taking a transfer of said debt. On January 27, 1908, appellee sued Cowart alone on his debt, and procured judgment April 16th thereafter for his debt and foreclosure of his mortgage lien on said mules. On June 25, 1908, Cooper Bros. also sued Cowart alone on his indebtedness to the bank, which had been transferred to them, and obtained judgment for their debt and foreclosure of the mortgage lien upon said mules. On the 10th of October next thereafter, Cooper Bros., for value, transferred their judgment against Cowart to A. M. Morgan, who on the same day was placed in possession of the mules, to hold for 30 days, within which time Cowart was allowed to redeem them by paying Cooper Bros.' judgment, which had been assigned to said Morgan. Cowart failing to redeem said mules, on January 30, 1909, he and A. M. Morgan made a settlement, under which title and possession of the mules were transferred to said Morgan. Thereafter said Morgan sold the mules to appellants, who were in possession of them at the time of the levy of the order of sale herein mentioned. On the 3d of April, 1909, an alias order of sale was issued on the judgment in favor of appellee against Cowart, and the mules were levied on in possession of appellants, by virtue thereof, on April 6, 1909, who thereupon filed their claimant's affidavit and bond, retaining the mules; the same being valued by the officer at $175.

The foregoing facts formed the basis of the rights of the parties, respectively, and were set forth in their tender of issues. The only assignment presented challenges the sufficiency of the facts to sustain the judgment of the court in behalf of appellee; it being contended on the part of appellants: First, that in the trial of the right of property under our statute only the right of possession or title to the property can be adjudicated, and that it is error to determine the priority of liens thereunder; and, second, that a junior lienholder, whose lien is recorded, is a necessary party to a suit by a senior lienholder to foreclose, and a judgment in a suit to which such junior lienholder was not a party does not affect him or his rights as such lienholder; nor does it affect the transfer from him to another for value.

[1] With reference to the first contention, it is only necessary to say that appellee did not institute this suit for the trial of the right of property, but appellants themselves filed their claimant's oath and bond after the order of sale had been issued and levied upon the mules in controversy by the constable, which they clearly had the right to do under their assertion of claim, under article 5286 of Sayles' Rev. Civ. Stat. 1897, and the decisions of our courts thereunder. See Howard v. Parks, 1 Tex. Civ. App. 603, 21 S. W. 269; McKinnon v. Reliance Lumber Co., 63 Tex. 30; Freiburg v. Forman, 1 White & W. Civ. Cas. Ct. App. § 473; Pierson v. Tom, 10 Tex. 145. Said statute provides that, when a sheriff or other officer shall levy a writ of execution, sequestration, attachment, or other like writ, upon any personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person, or his agent or attorney, may make oath in writing, before any officer authorized to administer oaths, that such claim is made in good faith, and present such oath in writing to the officer who made such levy, together with his bond, conditioned as provided by law, it becomes the duty of the officer levying the writ, upon the approval

of such bond, to deliver the property to the claimant, which was done in the present case.

[2] The issues presented by the pleadings, under the direction of the court, raise the question as to whether or not appellee's rights were superior to those of appellants, under the facts as found by the court. Certainly appellants had no greater right to the property than Cowart himself had, and if Cowart had set up claim to the property under the facts found by the court appellee would have been entitled to recover. By their purchase, they took the mules subject to appellee's right of foreclosure. This being true, there is no ground for complaint on the part of appellants, and their contention is overruled. While it is true that appellants, not having been made parties to plaintiff's suit against Cowart, were not concluded by his judgment of foreclosure, yet they were only entitled in this controversy to whatever equity of redemption may have existed on the part of their vendor, Cowart; and, since the value of the mules as found by the court was less than appellee's judgment, no right of theirs was in any way affected, for which reason they were not entitled to complain. See Decennial Digest, subject Mortgages, par. 594.

Finding no error in the judgment of the court, the same is affirmed.

Affirmed.