HARRIS v. WISE et al.    (No. 7684.)

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1917.)

1. SEQUESTRATION &⇒18—CLAIM TO PROPERTY—TRANSFER OF JURISDICTION.

Defendant, a resident of Henderson county, executed a chattel mortgage on personal property located therein to plaintiff, and the latter brought an action before a justice of the peace in Kaufman county to foreclose the mortgage and issued a writ of sequestration to Henderson county to which defendant's wife interposed the statutory oath under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7769–7795, claiming the mortgaged property as her separate estate, and the officer fixed the value of the property at $250 and filed the papers in the county court of Henderson county. Held, that under the provision of the statute that, where a writ of sequestration is issued to another county and a person not a party to the suit claims the ownership of the property and the value of such property is more than $200 and less than $500, the officer shall indorse the value of the property on the bond and file the papers in the county court, which shall thereby acquire jurisdiction to determine the issue of ownership, the exclusive jurisdiction was transferred to the county court of Henderson county to determine, not only the issue of ownership, but all other issues in the case, including the issues presented in the action in the justice court, and that court was divested of all jurisdiction in the matter.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. &⇒18.]

2. JUDGMENT ⬦489—VOID UPON FACE—COLLATERAL ATTACK.

A judgment of a domestic court of general jurisdiction, void upon its face, may be collaterally attacked.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. ⬦489.]

Appeal from Henderson County Court; C. D. Owin, Judge.

Action in justice court of Kaufman county by B. Harris against J. L. Wise, in which writ of sequestration was issued to Henderson county and levied on property claimed by Kate Wise, wife of defendant, which claim was filed in the county court of Henderson county. From a judgment of the Henderson county court in favor of claimants, plaintiff appeals. Affirmed.

Richardson & Watkins, of Athens, and Royall R. Watkins, of Dallas, for appellant. W. R. Bishop and A. B. Coker, both of Athens, for appellees.

RASBURY, J. This is an appeal from the judgment of the trial court entered upon a peremptory verdict in favor of appellees in a suit under the statutory proceeding to try the right of property.

[1] The essential facts forming the basis of the court's action in directing verdict for appellees, and which are without dispute, are these: On February 3, 1915, appellant sued J. L. Wise, husband of appellee Kate Wise, in justice court of Kaufman county, upon his promissory note for a sum within the jurisdiction of said court and to foreclose chattel mortgage on two mules, a wagon, and set of harness given by said J. L. Wise as security for the payment of said note. Simultaneously with the filing of the suit, citation and writ of sequestration were issued directed to the proper officers of Henderson county, where the defendant J. L. Wise resided and the property was situated. Both were executed, the citation by delivering copy of same in person to J. L. Wise, and the writ of sequestration by the officer taking into his possession the personal property above described. Thereafter, on February 6, 1915, appellee Kate Wise made the statutory oath claiming the property so levied upon and tendered the bond required in such cases, whereupon the officer assessed the property as of the value of $250, filed the oath and bond in the county court of Henderson county, the situs of the property, and returned the writ issued by the justice of the peace of Kaufman county to that court, indorsing thereon the date he received the writ, its levy upon the property described, the fact that it had been claimed by appellee who tendered affidavit and bond, and that he had assessed its value at $250 and had filed the affidavit and bond in the county court of Henderson county. Thereafter, on March 5, 1915, citation to appellee Kate Wise was issued by the justice of the peace in the suit against J. L. Wise, which, among other things, stated the purpose of the suit to be to foreclose as against her the chattel mortgage on the personal property claimed by her, which citation was in form and substance that required by law. Copy of the citation was delivered in person to appellee Kate Wise March 10, 1915, and return thereof made to the justice of the peace. Appellee Kate Wise did not, in response to such notice, appear in justice court and assert any defense she had to the foreclosure of the lien. Subsequently, On March 27, 1916, judgment was entered in that proceeding against the defendant J. L. Wise for the amount of the note, interest, etc., and against both J. L. Wise and Kate Wise, appellee, for foreclosure of the chattel mortgage upon the personal property claimed by her. Upon said judgment, order of sale was issued and placed with the proper officer of Henderson county, who, proceeding thereunder, levied upon and took into his possession said personal property for the purpose of selling same to satisfy the judgment against J. L. Wise. Thereupon appellee Kate Wise, in the proceeding filed in the county court of Henderson county to try the right to said property, applied for and was granted injunction restraining the sheriff from further proceeding under the order of sale. Thereafter, by direction of the court, issues were tendered in the case to try the right to property as in such cases provided, and on trial, in addition to the facts we have just detailed, it was shown that the personal property in dispute was the separate property of Kate Wise, appellee; she having acquired the same in exchange for a small home purchased with money derived from insurance on the life of a former husband. It was also shown that Kate Wise, appellee, did not sign the note, nor the mortgage sued on in the justice court, nor authorize her husband to do so.

We will not discuss the assignments seriatim, for the reason that we have concluded, upon the facts related, that the judgment of the justice of the peace foreclosing a lien upon the property claimed by Kate Wise is void. It is provided by the several articles forming title 129 of Vernon's Sayles' Civil Statutes, as applicable to the issues in this case, in substance, that when a sheriff shall levy a writ of sequestration upon personal property, and it shall be claimed by one not a party to the writ, such person may upon filing the prescribed affidavit and bond be entitled to possession of such property and have the issue of ownership tried. If the writ under which the property was taken is levied in a county other than that of the justice or court issuing same, it is made the duty of the officer to indorse on the bond the value of the property as assessed by him and return the oath and bond to that court in the county where the levy was made having jurisdiction of the assessed sum, and at

the same time return to the court issuing it the original writ, indorsing thereon that the claim was made and oath and bond given, etc., and to what justice or court the bond had been returned. When such proceedings are had, the clerk of the court to which such oath and bond are returned is required to docket the proceeding in the name of the plaintiff in the writ as plaintiff and the claimant as defendant, and such parties are required to thereafter plead, the one the facts relied upon as constituting his right to subject the property to execution, and the other the facts constituting the nature of his claim thereto. Omitting other provisions immaterial here, it is further provided that, in case the defendant shall fail to establish his right to the property, judgment shall be rendered against him and the sureties on his bond for the value of the property taken by him. If such defendant shall within ten days from such judgment return the property in as good condition as he received it, etc., such act shall operate as satisfaction of the judgment. In the event of a failure to so return the property, execution shall issue in favor of the plaintiff and against the defendant and his sureties for the amount of the claim.

It is our opinion, based upon the statutory proceeding invoked by appellee to try the right to the property sequestrated by appellant in the suit in the justice court in Kaufman county, that, when appellee tendered her oath and bond to the officer levying the writ of sequestration and he indorsed on the bond that the value of the property seized was $250 and filed both documents in the county court of Henderson county, custody of the property was ipso facto transferred to said court, which thereby acquired exclusive jurisdiction of the subject-matter of the controversy with the consequent right to determine the issue of its ownership, including all other issues necessary or incidental to the main question. The act provides that, when the assessed value of the property is more than $200 and does not exceed $500, the writ shall be returned to the county court of the county where the levy was made. Such assessment, and not the subsequently proven value of the property, in the absence of fraud, controls the issue of jurisdiction. Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; Leman v. Borden, 83 Tex. 621, 19 S. W. 160. So no issue, it appears, can arise as to the exclusive jurisdiction of the county court to try the issue of ownership. But it is contended by appellant that, even though it be conceded that the county court had such exclusive jurisdiction to try the right to the property and that appellee was in fact the owner thereof, the justice court nevertheless had authority to determine whether appellee had in fact mortgaged the property, and, if she had, the further right to foreclose such mortgage. While the contention is plausible and not without force, yet, if such right ever existed to so proceed in the justice court, it is so at variance with the provisions of the statutory remedy, it must be held to have been denied thereby. We base such conclusion on the clear intention of the Legislature, evidenced by the provisions of the act conferring the remedy of the trial of the right to property, to substitute, when the claimant is not a party to the suit, the bond for the property. As we have shown, the property by the statutes is to be delivered to the claimant, and, if the claim thereto its not sustained, judgment shall be rendered against the claimant and his sureties, not for the property, but for its value and certain consequential damages. It is true that claimant may at his option satisfy the judgment by a return of the property, and payment of the damages mentioned; but such option in no manner changes the fact that all other courts have lost jurisdiction of the subject-matter. Further, one of the purposes of the act was to prevent a confusion of issues in the original suit. Such purpose would be rendered wholly ineffectual by the construction placed thereon by counsel, when it is considered that in nearly every conceivable case the claimant could in like manner be made a party to the original suit and concluded therein as is sought to be done in this proceeding. Of course, had appellee been made a party to the original suit under allegations charging the execution of the chattel mortgage, a different question would be presented. Such course, however, was not pursued. Hence it follows that, if the claimant is not a party to the original suit, every issue which would defeat ownership of the property should be litigated in the proceeding to try the right to same, including the issue that the claimant in fact executed the chattel mortgage sought to be foreclosed in the original suit, since it seems that in the latter proceeding the mortgage lien may be asserted and foreclosed. Dupuy v. Ullman, Lewis & Co., 78 Tex. 341, 14 S. W. 790; Howard v. Parks, 1 Tex. Civ. App. 603, 21 S. W. 269.

[2] It may be remarked, in response to the further contention that the attack upon the judgment of the justice court in this proceeding was collateral: Conceding the attack to be such a one as claimed, it was permissible, since the well-settled general rule is that a judgment of a domestic court of general jurisdiction void upon its face may be collaterally attacked. Such was the showing in the instant case, since it appeared from the judgment of the justice court that it attempted to foreclose a chattel mortgage upon personal property which had been transferred to another court with exclusive jurisdiction to adjudicate that issue.

There is another issue presented which standing alone would constitute error, but

which, under our holding that the judgment is void, becomes immaterial, and for that reason is not discussed.

The judgment is affirmed.