## MURRAY v. FRED HALL & CO.

No. 1086.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1932.

Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

Tirey & Tirey, of Waco, for appellee.

ALEXANDER, J.

This appeal challenges the correctness of the ruling of the trial court on a plea of privilege, and involves the right of a claimant in trial of right of property to have such suit tried in the county of his residence.

Fred Hall & Co. filed suit in McLennan county against J. L. and Kyle Murray, doing business as Murray Bros. Writ of attachment was issued to the sheriff of McLennan county and levied by him upon certain personal property situated in said county and found in the possession of Murray Bros. Mrs.

Amanda Murray claimed the property upon which the writ was levied. She filed claimant's oath and bond and requested the sheriff to make his return to the proper court of Tarrant county, the county of her residence. The sheriff refused to do so, but made his return to and filed the papers in the county court at law, McLennan county, the county where the levy was made. Mrs. Amanda Murray filed a plea of privilege to have the trial of right of property suit transferred to Tarrant county. The plea of privilege was duly controverted, and upon a hearing of the facts the trial court overruled the plea of privilege. Mrs. Amanda Murray appealed.

Revised Statutes, art. 7406 provides: "Whenever any person shall claim property and shall duly make the oath and give the bond, if the writ under which the levy was made was issued by a justice of the peace or a court of the county where such levy was made, the officer receiving such oath and bond * * * shall forthwith return such bond and oath to the proper court having jurisdiction to try such claim."

Revised Statutes, art. 7407 provides: "Whenever any person shall claim property and shall make the oath and give the bond as provided for herein, if the writ under which such levy was made was issued by a justice of the peace or a court of another county than that in which such levy was made, then the officer receiving such oath and bond * * * shall forthwith return such bond and oath with a copy of the writ, to the justice or court of the county in which such levy was made having jurisdiction according to the value of the property as assessed by said officer."

It will be noted from the above articles that, where the levy is made in a county other than that from which the writ is issued, the venue for the trial of right of property suit is definitely fixed in the county where the levy is made. Where, however, as in this case, the levy is made in the county from which the writ issued, the statute is not clear as to the venue of such actions. Although these statutes have been in force in their present form for more than half a century, so far as we have been able to find the question herein raised has not heretofore been presented.

The same subject-matter now covered by articles 7406 and 7407 was originally covered by Paschal's Digest, article 5311. That article provided: "Whenever any person shall claim property, and shall make the oath, and give the bond, as provided for in the first section of this act, if the writ, under which such levy was made, was issued by any justice of the peace or court of the county where such levy was made, the sheriff or other officer, receiving such oath and bond, shall endorse on the writ, that such claim has been made, and oath and bond given, * * * and shall forthwith return such bond and oath to the justice, or the clerk of the court

from which the said writ issued; but if the writ, under which such levy was made, was issued by any justice of the peace or court of another county, than that in which such levy was made, then the sheriff or other officer, receiving such oath and bond, * * * shall forthwith return such bond and oath, with a copy of the writ, to some justice of the peace of his county, if the writ was issued by a justice, or to the district court of his county, if the writ was issued by any other authority than a justice of the peace. * * *"

This original article made it clear that a trial of right of property suit should be tried in the county where the levy was made, regardless of where the writ issued. When this article was later amended, as reflected in our present articles 7406 and 7407, we think it was the purpose of the Legislature not to change the venue of the suit, but merely to change the law so as to provide that the action should be tried in a court having jurisdiction of the subject-matter, according to the amount in controversy.

It will be noted also that article 7407 provides that, where an out of county levy is made and the action is to be tried in a foreign county, the officer making the levy is required to return the original writ to the court from which it issued, and to forward to the proper court of the county where the levy is made not only the oath and bond, but a copy of the writ. This is required to be done, we presume, because the court in a foreign county would not have access to the original writ. Where, however, the writ is levied in the county where it was issued and the return is made as required in article 7406, the officer is not required to attach to his return a copy of the writ. We think this evidence a legislative intent that the oath and bond should be returned to some court in the county where the original suit was pending and the levy was made, for in such case the original writ would be accessible and a copy of the writ would not be needed. If the Legislature had contemplated that in such cases the return should be made to the county of the residence of the claimant and not to the county where the original suit was pending, it would have required that a copy of the writ accompany the return, as is required in out of county levies as provided in article 7407.

Considering articles 7406 and 7407 together, we think it clear that it was the intention of the Legislature that trial of right of property suits should be had in the county where the property was situated at the time the levy was made. Such a rule is in keeping with the general policy of the law which permits suits involving personal property to be tried in the county where such property is situated, as, for example, suits for the recovery of personal property or to foreclose a lien thereon may be brought in the county where the property is situated. Article 1995,

subds. 10 and 12. In trial of right of property, the bond is a substitute for the property. Harris v. Wise (Tex. Civ. App.) 191 S. W. 588.

The judgment of the trial court is affirmed.